IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD E. MAYS, MONTGOMERY ) <br> JET CENTER, INC., AND SOUTHERN ) <br> SKIES, INC., ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br> ALEX ST. JAMES, and US FED ) <br> GROUP, and U.S. DEPARTMENT OF ) <br> TRANSPORTATION, ) <br>   ) <br> Defendants. ) | CIVIL ACTION NO.: 2:07CV33-wha |

## DEPARTMENT OF TRANSPORTATION'S MOTION TO DISMISS

COMES NOW Defendant, the United States Department of Transportation (DOT), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rules 12 (b)(1) & (b)(6) of the Federal Rule of Civil Procedure, moves to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The grounds for this motion are that:

1. Plaintiffs fail to state a claim against DOT. The sole allegation against DOT in the complaint is that "[s]ince this was a flight involving air commerce, Defendant U.S. Department of Transportation, involved the government to insure that the potential passengers (customers) of Defendant St. James, et al., receives a refund." Complaint ¶ 8. Plaintiffs seek "a temporary injunction, enjoining Defendant U.S. Department of

Transportation from proceeding further in said action pending further Orders of the Court." Complaint ¶ c.

2. At a minimum, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). The complaint must "give the defendant fair notice of what plaintiff's claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Court of Appeals teaches that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Financial Security Assurance, Inc. v. Stephens*, 450 F.3d 1257, 1262 (11th Cir. 2006)(internal quotes and citation omitted).

3. Plaintiffs' complaint does not give DOT fair notice of what their claim is or the ground upon which it rests. *See, Conley*, 355 U.S. at 47. Plaintiff's complaint does not identify a cause of action and fails to allege any wrongful conduct by DOT. They simply allege that "Defendant U.S. Department of Transportation, involved the government to insure that the potential passenger (customers) of Defendant St. James, et al. receives a refund." Complaint ¶ 8. This allegation is factually insufficient to support recovery under any legal theory. Moreover, the complaint completely fails to put the agency on notice of what it must defend against. Accordingly, the complaint should be dismissed

for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12 (b)(6).

4. In addition, the complaint should be dismissed for lack of subject-matter jurisdiction because plaintiffs' claim against DOT is not ripe.  To the extent that DOT can guess plaintiffs' intent from the inadequate complaint, it appears that they are attempting to stop some anticipated future regulatory action.  They seek "a temporary injunction, enjoining Defendant U.S. Department of Transportation from proceeding further in said action pending further Orders of the Court."  Complaint ¶ c.

5. Only final agency action is subject to judicial review.  *See, National Park Hospitality Assn. v. Dept. of the Interior,* 538 U.S. 803, 807-08 (2003).  Plaintiffs' complaint appears to be in the nature of a pre-emptive strike attempting to stop an anticipated future administrative action by DOT.  Any administrative action by DOT would not be ripe for judicial review until the administrative action was complete and final.  *Id.*  Ripeness is a justiciability doctrine that goes to the Court's subject-matter jurisdiction.  *Id.*  Accordingly, the complaint should also be dismissed for lack of subject-matter jurisdiction.

WHEREFORE, Defendant, the United States Department of Transportation, requests that the Court dismiss plaintiffs' complaint for failure to state a claim and lack of subject-matter jurisdiction.

Respectfully submitted this 9th day of January, 2007.

                     LEURA G. CANARY
                     United States Attorney

By: _____
     STEPHEN M. DOYLE
     Chief, Civil Division
     Assistant United States Attorney
     Attorney for Defendant
     Post Office Box 197
     Montgomery, AL  36101-0197
     District of Columbia Bar No. 422474
     Telephone No.: (334) 223-7280
     Facsimile No.: (334) 223-7418
     **E-mail: stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Department of Transportation's Motion to Dismiss upon plaintiffs' attorney by mailing a copy of same, first class, postage prepaid, addressed as follows:

    William H. Turner, Esquire
    449 South McDonough Street
    Montgomery, Alabama 36104

Dated this 9th day of January, 2007.

                     _____
                     Assistant United States Attorney